**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: 23RD JUDICIAL DISTRICT      :    No. 53 MM 2020
DECLARATION OF JUDICIAL          :
EMERGENCY (BERKS COUNTY)       :

## ORDER

**PER CURIAM**

    **AND NOW**, this 13th day of August, 2021, the Application for Relief, filed pursuant to Rule of Judicial Administration 1952(B)(2), is DENIED, WITHOUT PREJUDICE.

    The instant Application requests that this Court authorize the President Judge to implement local Emergency Judicial Order No. 20-3264, captioned "In re Court Action to Reduce Evictions." Relatedly, the Application asks that, "insofar as timeframes outlined [in that Order] conflict with any statutorily provided timeframes for eviction actions, [the President Judge be empowered] to temporarily suspend operation of those rules[.]" Application at 2.

    To the extent the Application seeks the authority to suspend statutory provisions, the Application identifies no passage of Rule of Judicial Administration 1952 that would permit empowering a President Judge to suspend a statute, and this Court is unlikely to grant such relief absent a robust showing of legal authority and compelling need.

    Insofar as the Application seeks permission for the President Judge to suspend procedural rules, it is noted that the Application offers no detailed, particular account of the present status of the distribution of emergency rental assistance funds in Berks County. *See, e.g.*, *In re 7th Judicial Dist.*, 43 MM 2020 (in an application submitted by the President Judge of the Court of Common Pleas of Bucks County, detailing precisely how

much emergency rental assistance had been received and distributed to date in that county); *In re 5th Judicial Dist.*, 23 WM 2020 (in an application submitted by the President Judge of the Court of Common Pleas of Allegheny County, providing county-specific data as to the amount of emergency rental assistance received and distributed to date, the number of applications received, and the average processing time for such applications). Respectfully, absent such detailed information, the Application fails to establish that the present status of landlord-tenant matters in Berks County constitutes a judicial emergency to support granting the President Judge the authority to suspend procedural rules on a temporary basis. *See* Pa.R.J.A. 1952(B)(2)(m) (indicating that, in the context of a local judicial emergency, the Supreme Court may empower the President Judge to suspend or modify statewide court rules).